UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC CLIFTON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| P.O. DYLAN ANGER #13392 and P.O. RYAN | ) | Magistrate Judge |
| CORRIGAN #7315, Individually, | ) | |
| and the CITY OF CHICAGO, | ) | JURY DEMAND |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, ERIC CLIFTON by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of their Complaint against the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, individually, and the CITY OF CHICAGO, a municipal corporation, state as follows:

## COUNT I – FALSE ARREST/SEIZURE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, ERIC CLIFTON accomplished by acts and/or omissions of the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, individually, and the CITY OF CHICAGO, a municipal corporation, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3. The Plaintiff, ERIC CLIFTON, is a resident of the State of Illinois.

4. The Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, individually, were at all times relevant to the allegations of the Complaint, duly appointed officers of the Chicago Police Department and were acting within their scope of employment and under color of law.

5. On or about July 1, 2020, the Plaintiff, ERIC CLIFTON, was driving a car in the vicinity of 74th and Loomis in Chicago, Illinois.

6. The Plaintiff was not committing a crime or breaking any laws.

7. The Defendants pulled over the Plaintiff.

8. The Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, without probable cause or reasonable suspicion, pulled the Plaintiff, ERIC CLIFTON, out of his vehicle at gunpoint.

9. Though Plaintiff had not committed a crime, the Defendants physically searched his vehicle and his person.

10. There were no facts to support any probable cause or reasonable suspicion that Plaintiff was committing any crime.

11. The threat of deadly force from pointing a gun at the Plaintiff was excessive and unreasonable

12. The Defendants, after approximately forty-five minutes, released the Plaintiff.

13. The Defendants' actions constituted an unlawful seizure.

14. The actions of the Defendants were intentional and wanton.

15. As a result of the Defendants' actions, the Plaintiff was wrongfully seized.

16. The Plaintiff feared for his life and safety.

17. The actions of the Defendants constituted a violation of the Plaintiff, ERIC CLIFTON's, Fourth Amendment rights as protected by 42 U.S.C. § 1983.

18. As a result of the actions of the Defendants, the Plaintiff, ERIC CLIFTON, suffered fear, anxiety, emotional distress, and money damages.

WHEREFORE, the Plaintiff, ERIC CLIFTON prays for judgment in his favor and against the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, individually, in an amount of fair and reasonable compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II – UNLAWFUL SEARCH

1-18. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-18 of Count I as his respective allegations of paragraphs 1-18 of Count II as though fully set forth herein.

19. The Defendants did not have probable cause, reasonable suspicion, or a search warrant to search the Plaintiff or his vehicle.

20. The actions of the Defendants were intentional and wanton.

21. As a result of the Defendants' actions, the Plaintiff and his vehicle were unlawfully searched.

22. The actions of the Defendants' search constituted a violation of the Plaintiff's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

23. As a result of the actions of the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, the Plaintiff, ERIC CLIFTON suffered fear, anxiety, emotional distress, and money damages.

WHEREFORE, the Plaintiff, ERIC CLIFTON prays for judgment in his favor and against the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, individually, in an amount of fair and reasonable compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT III – EXCESSIVE FORCE

1-23. Plaintiff hereby re-allege and incorporate their allegations of paragraphs 1-23 of Counts I & II as his respective allegations of paragraph 1-23 of Count III as though fully set forth herein.

24. The actions of the Defendants in the manner in which they pulled the Plaintiff from his car and pointed loaded guns at him constituted excessive and unreasonable force.

25. The actions of the Defendants were intentional, willful, and with malice.

26. The actions of the Defendants constituted a violation of the Plaintiff' Fourth Amended rights as protected by 42 U.S.C. § 1983.

27. As a result of the actions of the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, the Plaintiff, ERIC CLIFTON suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, ERIC CLIFTON prays for judgment in his favor and against the Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, individually, in an amount of fair and reasonable compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT IV – CITY OF CHICAGO/ INDEMNIFICATION

1-27. Plaintiff hereby re-allege and incorporate their allegations of paragraphs 1-27 of Counts I & II as his respective allegations of paragraph 1-27 of Count III as though fully set forth herein.

4

28. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

29. Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN, are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants, P.O. DYLAN ANGER and P.O. RYAN CORRIGAN be found liable for the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, the Plaintiff, ERIC CLIFTON prays for judgment against the Defendant CITY OF CHICAGO for reasonable compensatory damages, plus attorney's fees and costs.

## JURY DEMAND

The Plaintiff, ERIC CLIFTON, hereby request a trial by jury.

Respectfully submitted,
ERIC CLIFTON

By: */s/ Gregory E. Kulis*
One of Plaintiff' Attorneys

Gregory E. Kulis (#6180966)
GREGORY E. KULIS & ASSOCIATES, LTD.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
p. (312) 580-1830 / f. (312) 580-1839
service@kulislawltd.com